PINDOR, Appellant, v. FAUST, Respondent.*

*December 1, 1959—January 5, 1960.*

* Motion for rehearing denied, with $25 costs, on March 8, 1960.

52

For the appellant there was a brief by *Kersten & Mc-Kinnon* of Milwaukee, and oral argument by *Charles J. Kersten.*

For the respondent there was a brief and oral argument by *James W. Lane* of Milwaukee.

CURRIE, J. The two issues on this appeal are:

(1) Did the manner, in which the front steps of the defendant's store were constructed, constitute a violation of par. 4 of Order 23.5116 of the state building code promulgated by the Wisconsin industrial commission?

(2) Did the trial court commit prejudicial error with respect to a certain ruling made as to the admissibility of evidence?

*Method of Constructing Steps.*

The orders of the industrial commission contained in the state building code originally promulgated in 1914 constitute safety orders, and any violation thereof is a violation of the safe-place statute. *Wannmacher v. Baldauf Corp.* (1953), 262 Wis. 523, 539c, 55 N. W. (2d) 895, 57 N. W. (2d) 745.

The height of the riser of the top of the two steps is 6 inches, and that of the lower step 5½ inches above the near edge of the concrete strip lying between the bottom step and the public sidewalk. Such concrete strip is 15¹¹⁄₁₆ inches in width and has a pitch downward to such walk of 2¼ inches. It is conceded that such pitch of 2¼ inches does not violate any building-code requirement. Plaintiff's argument, that the manner of construction of the steps was unsafe, is based solely upon the contention that, instead of such sloping strip of concrete, there should have been substituted a third step. This contention is grounded upon par. 4 of Order 23.5116 of the state building code which reads as follows:

"All stairways and steps required as exits by this code shall have a uniform rise of not more than 7¾ inches and a uniform tread of not less than 9½ inches, measuring from tread to tread, and from riser to riser. No winders shall

be used. *There shall not be more than 18, nor less than 3 risers between platforms or between floor and platform* and not more than 22 risers from floor to floor with no platform." (Italics supplied.)

However, par. 1, Order 23.5116 of the state building code defines a stairway as follows:

"By a stairway is meant one or more flights of steps and the necessary platforms connecting them to form a continuous passage from one level to another *within a building or structure.*" (Italics supplied.)

While the exterior steps in question are situated in a recessed entranceway, they are not "within a building or structure," within the meaning of par. 1 of Order 23.5116. Furthermore, such steps do not extend "between platforms or between floor and platform," as stated in par. 4 of Order 23.5116.

It is our considered judgment that there was no state building-code requirement that the flight of steps in question should have consisted of three steps instead of two, so as to have eliminated the sloping strip of concrete between the bottom step and the sidewalk. Therefore, there is no merit to plaintiff's contention that the manner in which such steps were constructed constituted a violation of the safe-place statute as a matter of law.

The plaintiff also contends that there is no credible evidence to sustain the jury's findings that the plaintiff was guilty of contributory negligence. Inasmuch as the plaintiff has failed to establish any breach of the safe-place statute by the defendant, the issue of contributory negligence is moot.

### Ruling on Evidence.

One of the motions of the plaintiff after verdict was:

". . . that the verdict be set aside as a whole because the court erred in refusing to admit the plaintiff's testimony of

his conversation with the defendant's wife, acting as the defendant's agent, with respect to the plaintiff's conversation with the defendant's wife with reference to keeping the stairway in question clear of foreign materials, such as the nail involved here. The evidence we sought to introduce was the conversation between the plaintiff and the defendant's wife, wherein the defendant's wife was acting as the defendant's agent, as to a conversation between the wife and an insurance agent."

The facts to which such motion after verdict relates are these: There was evidence from which it might be inferred that a relationship of principal and agent existed between the defendant and his wife. The plaintiff testified to having met defendant's wife three or four weeks after the accident at which time he had a conversation with her. The plaintiff then attempted to relate what she then told him that a certain insurance claim agent had told her. Defendant's counsel objected that this would be hearsay and not admissible. The trial judge, counsel for both parties, and the plaintiff, then retired to the judge's chambers in order to enable plaintiff's counsel to make an offer of proof.

Such offer of proof took the form of questions propounded to the plaintiff and his answers thereto, all in the absence of the jury. The portion of the plaintiff's testimony given in chambers, upon which the motion after verdict is grounded, is as follows:

"And then she said: 'There was a claim agent at our shop. The first thing, he came—he stepped in all excited, said: "Why don't you sweep the steps?" ' And the answer she gave him: 'We sweep it once a day. That is enough. We cannot sweep it every hour.' "

The court sustained the objection of defendant's counsel to the admission of such testimony. While the quoted statement purported to have been made by the insurance agent

was objectionable on the grounds of its being hearsay, if offered to prove a duty on the part of the defendant to sweep the steps, it may have been admissible to explain the defendant's wife's reply. Such reply would qualify as an admission against interest inasmuch as the plaintiff apparently contends that there was a duty on the defendant to sweep the steps more often than once a day. However, even if it were error for the trial court to have rejected the above-quoted testimony by the plaintiff so given in chambers, such error clearly was not prejudicial. This is because such testimony would not have been sufficient in itself to have warranted submitting to the jury the issue of the alleged violation of the safe-place statute grounded upon the presence of the nail on the step.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., took no part.